**Daniel Lee ATWOOD and Janice Lee Corneal, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**BURLINGTON INDUSTRIES EQUITY, INC., Burlington Industries, Inc., Morgan Stanley Group, Inc., Donald Brennan, Alan E. Goldberg, Frank S. Greenberg, Park R. Davidson, George C. Waldrep, Eugene D. Smith, Karen Hall, and NationsBank Trust Company, Defendants.**

No. 2:92CV00716.

United States District Court,
M.D. North Carolina,
Greensboro Division.

May 23, 1995.

Fred T. Hamlet, Greensboro, NC, Lindsay R. Davis, Jr., Tonola D. Brown, Hill, Evans, Duncan, Jordan & Davis, P.L.L.C., Greensboro, NC, Steven W. Quattlebaum, Williams & Anderson, Little Rock, AR, Andrew S. Golub, Susman Godfrey, L.L.P., Houston, TX, William H. White, Houston, TX, Alson R. Martin, Robert D. Grossman, and Gregory

B. Kuhn, Shook, Hardy & Bacon, P.C., Overland Park, KS, for plaintiffs.

James T. Williams, Jr., Stanley Leigh Rodenbough, IV, James Conrad Adams, II, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, NC, Robert A. Wicker, Greensboro, NC, James Henry Jeffries, IV, Amos & Jeffries, L.L.P., Greensboro, NC, William H. Sutton, Friday, Eldredge & Clark, Little Rock, AR, Kenneth M. Kramer, Shearman & Sterling, New York City, Thomas S. Martin, Shearman & Sterling, Washington, DC, Keith W. Vaughan, H. Grady Barnhill, Jr., Charles A. Burke, Womble Carlyle Sandridge & Rice, Winston–Salem, NC, Vincent W. Foster, Jr., Rose Law Firm, Little Rock, AR, Jonathan J. Lerner, Seth M. Schwartz, and Michael Gruenglas, Skadden, Arps, Slate, Meagher & Flom, New York City, for defendants.

Larry B. Sitton, Benjamin F. Davis, Jr., Smith Helms Mulliss & Moore, Greensboro, NC, Peter Q. Bassett, Philip C. Cook, John E. Stephenson, Jr., Alston & Bird, Atlanta, GA, Robert R. Ross, Arnold, Grobmyer & Haley, Little Rock, AR, Arthur A. Vreeland, and Kenneth L. Jones, Carruthers & Roth, P.A., Greensboro, NC, for interpleaders.

## MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge.

■ Plaintiffs Daniel Lee Atwood and Janice Lee Corneal are employees of Defendant Burlington Industries, Inc. and are beneficiaries of Burlington's Employee Stock Ownership Plan ("ESOP"). They have filed this action asserting that the ESOP has been devalued as the result of wrongful acts committed by the various Defendants, stating claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and state law. This matter comes before the court on Plaintiffs' Motion for Class Certification, wherein Plaintiffs seek to certify an appropriate class of ESOP beneficiaries. For the reasons stated herein, Plaintiffs' Motion for Class Certification will be granted.

■ The determination of a motion for class certification is within the discretion of the district court. *Boley v. Brown*, 10 F.3d 218, 223 (4th Cir.1993). Certification of a class is governed by Rule 23 of the Federal Rules of Civil Procedure. Pursuant to Rule 23, a class may be certified only where Plaintiffs can satisfy all four requirements of Rule 23(a), and at least one of the three elements of Rule 23(b). *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 163, 94 S.Ct. 2140, 2145, 40 L.Ed.2d 732 (1974). In a Memorandum Opinion and Order dated February 13, 1995, the court found that Plaintiffs satisfied the requirements of Rule 23(a), and directed the parties to brief the issue of how to properly define the class and whether any special procedures should attend the class certification process.

The parties appear to agree, and the court finds that certification, if done, should be carried out under Rule 23(b)(1). Although the class appears to be certifiable under subsection (b)(1) or (b)(3), the Fourth Circuit has noted that the policy underlying class actions requires certification under (b)(1) in such a circumstance:

> If an action can be maintained under (b)(1) and/or (b)(2), and also under (b)(3), the court should order that the suit be maintained as a class action under (b)(1) and/or (b)(2), rather than under (b)(3), so that the judgment will have *res judicata* effect as to all the class (since no member has the right to opt out in a (b)(1) or (b)(2) suit), thereby furthering policy underlying (b)(1) and (b)(2) class suits.

*In re A.H. Robins Co., Inc.*, 880 F.2d 709, 728 (4th Cir.), *cert. denied*, 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989). Moreover, the parties agree that should the court decide to certify a class, the class should be defined as:

> All persons who are or were Members, or are or were Beneficiaries, of the Burlington ESOP and who became vested in Account A under Article VIIA of the Burlington ESOP Plan (with capitalized terms used in this sentence being defined as defined in the Burlington ESOP Plan).

Thus, the only issue before the court upon which substantial disagreement exists is whether any special procedures should attend certification of the class to allow poten-

tial members of the class to avoid involvement in this action.

Defendants contend that certification of a class should occur only after an accelerated proof of claims process takes place. Under this process, each potential member of the class would receive a notice informing the person of his or her eligibility for the class and giving a brief description of the contentions of the parties. The recipient of the notice would only become a member of the class upon taking the affirmative action of returning the notice with an indication that he or she wishes to proceed in the lawsuit. Despite their awareness of the fact that in an ordinary (b)(1) action the absent class members automatically become members of the class without notice, Defendants nonetheless assert that an accelerated claims process is appropriate in the case at bar for several reasons.

■ First, Defendants rely principally on the contention that the case at bar is a "one-of-a-kind" ESOP case, rather than an ordinary challenge to the devaluation of an ESOP under ERISA. Defendants base this position on the fact that the shares of each beneficiary under the ESOP at issue are fixed and ascertainable and have been since the ESOP shares were allocated in September 1993. *See* Smith Aff. ¶ 5. Therefore, according to Defendants, any injury in this case is not to the ESOP, but rather to a distinct group of individuals with separable interests, and this group of individuals should be asked whether they wish to proceed with the lawsuit. Given the requirements for an ERISA action as pled by Plaintiffs, however, this contention is unpersuasive. Although the interests of the ESOP beneficiaries are now fixed and ascertainable, they were not at the time of the alleged wrongful conduct which devalued the ESOP. The ESOP interests did not become fixed until 1993, and the conduct alleged by Plaintiffs occurred prior to that date. Injury prior to that date necessarily was done to the Plan, not to a group of individuals. Moreover, the fact that Plaintiffs have stated claims under ERISA wholly undermines Defendants' contention that the injury here is to individuals rather than to the ESOP itself. An action against a fiducia-

ry under ERISA for harm done to a retirement plan must be for the benefit of the plan as a whole, not for the gain of any one beneficiary. *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 140–42, 105 S.Ct. 3085, 3089–90, 87 L.Ed.2d 96 (1985) ("[a] fair contextual reading of the statute makes it abundantly clear that the draftsmen were primarily concerned with ... remedies that would protect the entire plan, rather than with the rights of an individual beneficiary"). In finding that the Plaintiffs have properly stated claims under ERISA, the court has necessarily found that the injury alleged was to the ESOP itself rather than any group of individuals, because *Russell* makes clear that an ERISA action can only be brought for injury to the plan. The court's prior ruling, which failed to dismiss Plaintiffs' ERISA claims, forecloses Defendants' argument that the alleged injury is to a group of individuals rather than to the ESOP.

Defendants also contend that an accelerated claims process is desirable because some Burlington employees may view this action as a "strike suit," designed solely to harm the company and drain it of resources. Such a contention, however, is nothing but that—a contention. Plaintiffs have met the requirements of Rule 23, and in an ordinary (b)(1) action no notice or accelerated claims procedure is required. Neither the contention that the alleged injury is to a group of ascertainable individuals nor the contention that this action is a strike suit are sufficiently persuasive to move the court to impose an accelerated claims process on this (b)(1) class action.

Other factors counsel against imposition of an accelerated claims process. First, requiring Burlington ESOP beneficiaries, who are Burlington employees, to affirmatively agree to sign on to a class action against their employer at such an early stage is inherently oppressive. Although the court in no way doubts Burlington's representation that it would in no way pressure its employees regarding this action, it is a fact of corporate business that upper-level management cannot control what every line supervisor or foreman would say to a lower level employee who approached a supervisor about the law-

suit. Furthermore, requiring class members to affirmatively agree to become members of the class, at this early stage and with limited information, could result in a misleading accounting of the true interest of Burlington employees in this action. The accelerated claims notice proposed by Defendants would further enhance this danger. The notice informs the recipient of his or her eligibility for the class, briefly summarizes the contentions of the parties, and then informs the recipient that failure to return the notice will not prejudice his or her right to a share in any ultimate recovery. A process utilizing such a notice cannot be said to be useful, as it is not likely to give even a rough estimation of employee interest in the action.

Finally, Defendants contend generally that the accelerated claims process is necessary to prevent the class from being "overinclusive." This lawsuit, however, is a class action under ERISA for damage inflicted upon a retirement plan. As such, the class necessarily will be composed of beneficiaries of the plan. Defendants' assertions of "overinclusiveness" notwithstanding, a class action certified under subsection (b)(1) of Rule 23 does not require that potential class members be given the opportunity to avoid involvement in the lawsuit or even that potential members be given notice of the institution of the lawsuit. A class action under subsection (b)(1) creates a mandatory class, and a mandatory class, by its very nature, cannot be considered "overinclusive."

The court notes that a group of ten Burlington employees have intervened in the class certification process for the purpose of opposing certification of the class and ensuring that they are not included in any class that is certified. Some of these individuals are officers and directors of Burlington, and the remainder are employees of Burlington's legal department, who are intimately involved with the defense of this action. The Intervenors view this action as a strike suit, oppose class certification, and wish to be excluded from any class that may be certified. Like Defendants' opposition to class certification, however, the Intervenors' position is also problematic. The bedrock principle upon which Intervenors oppose involvement in this action is their assertion that the potential harm to Burlington arising out of the action outweighs any personal benefit which may accrue to them as a result of the action. This position ignores, however, the fact that Burlington is not the sole Defendant. Both the investment banker and majority shareholder of Burlington during the period of alleged wrongful activity, Morgan Stanley, and the trustee of the ESOP, NationsBank, are also Defendants, as are several individuals. What if, ultimately, a verdict were returned of no liability as to Burlington and liability as to all other Defendants? Would not Intervenors, who as officers of Burlington, have at least an ethical, if not legal, obligation to protect the value of the ESOP, have some duty to pursue these claims against the non-Burlington Defendants and ensure that the harm done the ESOP by these Defendants is corrected? At this early point in the litigation, Intervenors simply cannot say with any certainty that the benefits to the ESOP which could accrue from the litigation are outweighed by the potential harm to Burlington. Indeed, as officers of Burlington, they cannot ignore the possibility of the above-described scenario occurring.

The court cannot ignore the fact, however, that full involvement of at least some of the Intervenors in the class could create problematic conflict of interest issues. In light of this quandary, and that the court is at least troubled by the notion of requiring parties who do not wish to prosecute a lawsuit to nevertheless become members of the class, the court will require that notice be given to all members of the class certified in this matter, and that each member of the class be given the opportunity to "disassociate" himself or herself from the action. Members of the class who choose to disassociate themselves are still bound by the results of this litigation for *res judicata* purposes and will be entitled to choose at a later date whether they wish to share in any recovery which the class may ultimately achieve. However, class members who choose disassociation may not be contacted by any of the parties or their counsel, unless such a member possesses evidence material to the prosecution or defense of this matter. Thus, in effect, disso-

ciation will be by name only. This result will allow Intervenors to avoid their conflict of interest dilemma, and at the same time honor the *res judicata* and mandatory class aspects of a (b)(1) class action.

In sum, the accelerated claims process proposed by Defendants is unnecessary and potentially problematic, given the facts and circumstances of the case at bar, and, therefore, will not be applied. The court will certify a class in this matter pursuant to subsection (b)(1) of Rule 23, to be defined as:

> All persons who are Members, or are or were Beneficiaries, of the Burlington ESOP and who became vested in Account A under Article VIIA of the Burlington ESOP Plan (with capitalized terms used in this sentence being defined as defined in the Burlington ESOP Plan).

Furthermore, members of this class will be given notice of this action and be given the opportunity to disassociate themselves from the lawsuit by name only, with the understanding that they are still bound for *res judicata* purposes by the action and may ultimately choose to share in any recovery which the class may achieve. The parties shall submit a proposed notice or notices to the court for approval.

Therefore, for the reasons stated herein,

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiffs' Motion for Class Certification is granted. The court hereby certifies a class under Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure, defined as:

> All persons who are or were Members, or are or were Beneficiaries, of the Burlington ESOP and who became vested in Account A under Article VIIA of the Burlington ESOP Plan (with capitalized terms used in this sentence being defined as defined in the Burlington ESOP Plan).

All members of this class shall be given notice of this action and shall be given the opportunity to "disassociate" themselves from the lawsuit by name only, with the understanding that they are still bound for *res judicata* purposes by the action and may ultimately choose to share in any recovery which the class may achieve. Persons who choose to "disassociate" themselves from the action shall not be contacted by any party unless such person possesses evidence material to the prosecution or defense of this action. The parties shall submit a proposed notice or notices to the court for approval.